UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-97-DLB

MATTHEW JASON HUTTON                                        PETITIONER

v.                  **MEMORANDUM OPINION AND ORDER**

CHRISTOPHER ENTZEL, WARDEN[1]                       RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Matthew Hutton has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).[2]

On or before November 2024, the Bureau of Prisons ("BOP") had assigned a Public Safety Factor ("PSF") of Greatest Severity to Hutton. *See* (Doc. # 1-1 at 4). In August 2025, Hutton made an informal request to his case manager at the prison that his PSF be waived so that he could be transferred to a minimum security prison. *See* (Doc. # 1 at 2; Doc. # 1-1 at 5). His case manager denied the request the next day in light of

---

[1] Hutton names the Bureau of Prisons as the respondent, *see* (Doc. # 1 at 1), but the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court therefore substitutes Warden Christopher Entzel as the respondent in this proceeding.

[2] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hutton's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

1

the severity of Hutton's criminal offense. *See id*. Instead of appealing to the warden, Hutton sent a document he had created to the Designation and Sentence Computation Center ("DSCC") seeking review. (*See* Doc. # 1-1 at 6). Hutton did so because DSCC makes the waiver decision, so he believed that he should appeal to it instead of the warden in light of 28 C.F.R. § 542.14(d)(5). (*See* Doc. # 1 at 2). The warden – not DSCC – responded to his request for review and denied relief. (*See* Doc. # 1-1 at 7). Instead of appealing to the Mid-Atlantic Regional Office, Hutton appealed directly to the BOP's Central Office. (*See id*. at 8.) The Central Office rejected the appeal because it was filed at the wrong level. (*See id*. at 9.)

Through his petition, Hutton requests that the Court order the BOP to provide him with a copy of the review performed by DSCC. Alternatively, if DSCC did not perform the review he personally requested, Hutton implies that the Court should order it to do so. (*See* Doc. # 1 at 3).

As a preliminary matter, Hutton failed to properly exhaust available administrative remedies as required. *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Contrary to Hutton's view, Program Statement ("PS") 5100.08 plainly contemplates that only prison officials, not an inmate, may submit a request to DSCC using Form 409 to apply a management variable or exception to a PSF. *See* PS 5100.08, Ch. 5, pg. 4. If an inmate desires a change to their security classification, he may request that change from prison staff and file inmate grievances and appeals if necessary using the ordinary appeals process. The grievance procedure outlined in 28 C.F.R. § 542.14(d)(5) does not apply to Hutton's request for a PSF waiver.

2

More fundamentally, the Court must deny the petition because the relief Hutton seeks is not available in a habeas corpus proceeding. Habeas corpus provides a vehicle to challenge the actions of prison officials that directly affect the fact or duration of confinement; it may not be used to challenge the conditions of confinement. *Muhammed v. Close*, 540 U.S. 749, 750 (2004); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). If an inmate seeks something other than immediate or sooner release from prison, his remedy lies elsewhere. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Thus, "[c]hallenges to security classification and place of confinement are 'conditions of confinement' claims which may only be asserted in a civil rights action[.]" *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012). *See also Swan v. Gilley*, No. 6:23-CV-132-GFVT, 2023 WL 5220851, at *1 (E.D. Ky. Aug. 14, 2023) (same).

Accordingly, it is **ORDERED** as follows:

1. Matthew Hutton's habeas corpus petition (Doc. # 1) is **DENIED**.

2. This action is **STRICKEN** from the docket.

This 22nd day of October, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Hutton 0 25-97-DLB Memorandum.docx